# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| VANESSA L. NAISHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. NO.: N19C-07-083 MAA |
| | ) | |
| GILEAD SCIENCES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: October 17, 2019
Decided: October 28, 2019

*Upon Review of Plaintiff Vanessa Naisha's Motion for Appointment of Counsel
and Request for Stay of the Proceedings,*
**DENIED.**

## MEMORANDUM OPINION

Vanessa L. Naisha, *pro se*, Smyrna Delaware.

Brian C. Ralston, Esquire, and Carla M. Jones, Esquire, of POTTER ANDERSON
& CORROON, LLP, Wilmington, Delaware, Attorneys for Gilead Sciences, Inc.

**ADAMS, J.**

Pending before the Court is plaintiff Vanessa Naisha's Motion for Appointment of Counsel ("Motion for Counsel") and request for stay of the proceedings ("Motion to Stay").[1] For the reasons set forth below, both Motions are **DENIED**.

"The right of indigent defendants to counsel in *criminal* matters is well established under the Sixth Amendment."[2] Courts, however, have "almost universally" declined to extend the right to counsel to indigent plaintiffs in civil cases.[3]

For civil cases, Delaware courts "consider requests for appointment of counsel as a matter of due process under the Fourteenth Amendment to the United States Constitution."[4] The appropriate analysis for Plaintiff's Motion for Counsel is the three-prong due process analysis set forth by the United States Supreme Court in *Matthews v. Eldridge.*[5] Under *Matthews*, the Court must balance: "(1) the private

---

[1]     Transaction IDs 63535488, 64271868.

[2]     *Jenkins v. Dover Police Comm'r*, 2002 WL 663912, at *1 (Del. Super. Apr. 5, 2002) (emphasis in original).

[3]     *Miller v. Taylor*, 2010 WL 1731853, at *1 (Del. Super. Apr. 28, 2010) (citing *Gideon v. Wainwright*, 372 U.S. 335 (1963)); *Deputy v. Conlan*, 2008 WL 495791 (Del. Super. Feb. 13, 2008); *Jenkins*, 2002 WL 663912.

[4]     *Duross v. Connections CSP, Inc.*, 2019 WL 4391231, at *1 (Del. Super. Sept. 13, 2019) (citations omitted).

[5]     *Matthews v. Eldridge*, 424 U.S. 319, 321, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

interests at stake, (2) the government's interest and (3) the risk that the procedure without counsel would lead to erroneous results."[6]

The private interest at stake in this action is Plaintiff's right to meaningful access to the Courts. "Meaningful access has been interpreted to mean 'either access to an adequate law library or legal assistance in the preparation of complaints, appeals, petitions, etc.'"[7] In this action, Plaintiff has not argued that her access to the Courts has been restricted. In fact, Plaintiff filed her complaint in compliance with the Superior Court Rules of Civil Procedure, including documents for service upon Defendant.[8] By all accounts, Plaintiff appears familiar with the Court rules and procedures. Plaintiff is also not a stranger to filing civil actions, and has filed at least one other action in the District of Delaware.[9]

---

[6]  *Jenkins*, 2002 WL 663912, at *2 (citing *Matthews*, 424 U.S. at 321).

[7]  *Deputy v. Conlan*, 2008 WL 495791, at * (Del. Super. Feb. 13, 2008) (quoting *Vick v. Dep't of Corrections*, 1986 WL 8003 (Del. Super. Apr. 14, 1986).

[8]  *See* Transaction ID 63535488.  Plaintiff also notes that although she is incarcerated and has only a fifth grade education, "other prisoners" have been assisting her with drafting documents.

[9]  *See Vanessa L. Naisha v. Metzger, et al.*, C.A. No. 18-cv-738-RGA.  The fact that Plaintiff has filed her complaint following the proper rules and procedures, coupled with the fact that she has filed another action in the District of Delaware, demonstrates that she is "sufficiently capable of following this Court's rules and procedures." *Parsons v. DuShuttle*, 2019 WL 1131956, at *4 (Del. Super. Mar. 8, 2019). *See also State, Ins. Cov. Office v. Rainier*, 2010 WL 2541665, at *1 (Del. Super. June 22, 2010) (finding that defendant's filing of an answer and written discovery propounded to plaintiff "indicate[d] that [d]efendant [wa]s capable of

The second *Matthews* factor requires the Court to examine the government's interest, which includes "maintaining order and discipline in its penal institutions."[10] "This strong interest, when considered in the context of the extraordinary remedy that Plaintiff seeks, means that Plaintiff must make a very strong showing that [her] private interest in meaningful access outweighs this strong and well-recognized State interest."[11] Plaintiff makes no argument on this factor in either her Motion or supplemental letter. Nor could she. Plaintiff fails to demonstrate that there is anything in her case that sets it "apart from the volume of cases in which *pro se* inmates litigate civil claims in this Court."[12]

As to the final *Matthews* factor, the complexity of this matter and Plaintiff's diminished chance of success in the absence of appointed counsel does not overcome or outweigh the State's interest in maintaining order and discipline in its penal institutions.[13] The fact that complex investigation and discovery may be involved

---

complying with the Court's rules and procedures"). Plaintiff includes nothing in her filings with the Court that demonstrates her "meaningful access to the Courts" is being denied. *Parsons*, 2019 WL 1131956, at *4.

[10]     *Vick*, 1986 WL 8003, at *3.

[11]     *Miller*, 2010 WL 1731853, at *1 (citing *Jenkins*, 2002 WL 663912, at *2-3).

[12]     *Rainier*, 2010 WL 2541665, at *1.

[13]     *Id.* at *2.

does not weigh in Plaintiff's favor. "This Court has previously held that simply being unable to undertake discovery or litigation or not having access to the statutory and case law of Delaware are not adequate bases for a court to appoint counsel."[14] Most importantly, Plaintiff has not made any representations to the Court about her attempts, if any, to retain private counsel to represent her in this action. Many attorneys work on a contingency fee basis where they are paid only if the plaintiff recovers monies through a verdict or settlement.

For these reasons, Plaintiff's Motion for Counsel fails to set forth the facts necessary to warrant the extraordinary remedy of court-appointed counsel that she seeks. Therefore, Plaintiff's Motion for Appointment of Counsel is hereby **DENIED.**

Plaintiff also seeks a stay of this action. In light of the Court's decision regarding Plaintiff's Motion for Counsel, the Court is not inclined to grant a stay of this action at this time. The Court notes that Plaintiff's response to Defendant's Motion to Dismiss is due on or before November 7, 2019. If Plaintiff wishes to seek an extension of time for her response, she is free to make that request to the Court. As previously indicated to Plaintiff, however, if Plaintiff fails to respond to

---

[14] *Parsons v. DuShuttle*, 2019 WL 1131956, at *3 (Del. Super. Mar. 8, 2019) (citing *Benner v. Correction Medical Services*, 2008 WL 415972, at *1 (Del. Super. Aug. 12, 2008); *Deputy*, 2008 WL 495791, at *1; *Jenkins*, 2002 WL 663912).

Defendant's Motion to Dismiss by November 7, Defendant's motion will be deemed unopposed.

**IT IS SO ORDERED.**

_____
Meghan A. Adams, Judge